UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL E. PUGH, T15269,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY CORRECTION DEPARTMENT, et al.,<br><br>Defendant(s). | Case No. 21-cv-06723-CRB (PR)<br><br>**ORDER OF DISMISSAL**<br><br>(ECF No. 3) |

I.

Plaintiff, a state prisoner currently incarcerated at the Correctional Training Facility (CTF) in Soledad, California, has filed a pro se First Amended Complaint (FAC) for damages under 42 U.S.C. § 1983 alleging that he was subjected to an unreasonable search in violation of the Fourth Amendment after he was arrested and taken to the Santa Clara County Jail back in May 1998. Plaintiff raised the same allegations and claim in a prior prisoner complaint that was dismissed without prejudice under the rationale of Heck v. Humphrey, 512 U.S. 477 (1994). See Pugh v. Santa Clara Cnty. Corr. Dep't, No. 00-cv-01391-VRW (PR) (N.D. Cal. May 17, 2002) (order granting motion to dismiss).

Plaintiff seeks appointment of counsel under 28 U.S.C. § 1915(e)(1).

II.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).

A prisoner complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915A. Cf. Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)) (duplicative in forma pauperis complaint may be considered abusive and dismissed under 28 U.S.C. § 1915). That a prisoner adds an additional defendant in his later-filed action does not compel a different result. See Bailey, 846 F.2d at 1021 (complaint repeating same allegations asserted in earlier case, even if now filed against new defendants, is subject to dismissal as duplicative).

### III.

The court (Walker, J.) previously dismissed plaintiff's Fourth Amendment unreasonable search claim under the rationale of Heck. The court explained that plaintiff had been convicted in state court of possession for sale of cocaine base based on the substance seized from plaintiff during the alleged unreasonable search, and that a § 1983 claim for "unreasonable search and seizure of evidence upon which criminal charges are based is barred by Heck until criminal charges have been dismissed or the conviction has been overturned." Pugh v. Santa Clara Cnty. Corr. Dep't, No. 00-cv-01391-VRW (PR), slip op. at 4 (citing Harvey v. Waldron, 210 F.3d 1008, 1015-16 (9th Cir. 2000)). Plaintiff's Fourth Amended unreasonable search claim was barred by Heck because "the validity of his conviction of possession for sale of cocaine base would be implicated" if he is successful in proving his claim "that the force used to carry out the search and obtain the seized evidence was unreasonable." Id. at 6 (citations omitted). Plaintiff's claim was dismissed "without prejudice to refiling if plaintiff's conviction is invalidated." Id. at 7 (citing Edwards v. Balisok, 520 U.S. 641, 649 (1997)).

Plaintiff's instant refiling of his Fourth Amendment unreasonable search claim nearly 20 years after it was dismissed under the rationale of Heck is not based on his conviction having been invalidated. Plaintiff instead seeks to relitigate the claim based on his renewed contention (albeit nearly 20 years later) that the claim is not barred by Heck. Plaintiff's contention is without his merit and his renewed action is deemed duplicative and abusive under § 1915A. Cf. Cato, 70 F.3d at 1105 n.2.

IV.

For the foregoing reasons, plaintiff's operative FAC is DISMISSED as duplicative and abusive under the authority of 28 U.S.C. § 1915A(b), and his motion for appointment of counsel (ECF No. 3) is DISMISSED as moot and for lack of merit.

**IT IS SO ORDERED**.

Dated: November 4, 2021

CHARLES R. BREYER
United States District Judge